# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

RICHARD I. MILLER,

    Plaintiff,

vs.

CHIEF GUSTAF SANDAHL, *et al.*,

    Defendants.

Case No. 3:14-cv-00068-TMB

## ORDER GRANTING MOTION TO DISMISS

On February 4, 2014, Richard I. Miller, a self-represented prisoner, filed a Civil Rights Complaint in the Superior Court for the State of Alaska.[1] The Defendants removed the case to this Court on April 8, 2014.[2] The Defendants filed a Motion to Dismiss, Miller filed a Response, and the Defendants filed a Reply.[3] In addition, Miller filed a Motion to Overrule, a Motion to Postpone Proceedings, and Notices of Voluntary Dismissal without prejudice.[4]

The Defendants moved "to dismiss Millers' new complaint with prejudice for the following two reasons: (1) the claims are barred by the applicable two

---

[1] Docket 1-1; Alaska Superior Case No. 3KN-14-00098-CI.

[2] Docket 1. The Defendants state that they were served on or about March 19, 2014. *Id.* at 2.

[3] Docket 7, 22, 26.

[4] Dockets 22-3, 24, 25.

year statutes of limitation; and (2) the claims are barred by the doctrine of res judicata."[5]

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts [pled] is improbable, and 'that a recovery is very remote and unlikely.'"[6] But the complaint must allege at least "enough facts to state a claim to relief that is plausible on its face."[7] The Supreme Court explains that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[8] The Court of Appeals for the Ninth Circuit states that "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[9] However, when a court is asked to "consider[]

---

[5] Docket 7 at 2.

[6] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555 (2007) (citations omitted).

[7] *Twombly*, 550 U.S. at 547 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."); *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Twombly* at 555); *but see Hebbe v. Plier*, 627 F.3d 338, 342 (9th Cir. 2010) ("[O]ur 'obligation' remains [after *Iqbal*], 'where the petitioner is *pro se,* particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'") (citation omitted).

[8] *Iqbal*, 566 U.S. at 678, quoting *Twombly* at 555.

[9] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (citations omitted); *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) ("We have held that dismissal for failure to state a claim is 'proper only where there is

materials outside of the pleadings ...the 12(b)(6) motion should be converted into one for summary judgment, and the parties should be given an opportunity to present related materials."[10] No "outside materials" are relevant in this case.

## FACTS

Miller alleges that the Defendants recorded and copied his conversations with counsel, while he was incarcerated, in violation of his federal and state rights.[11] Miller states that he discovered the recordings, which took place from April 4-9, 2008, on February 2, 2012.[12] The Court takes judicial notice[13] that, on July 16, 2012, Miller was convicted of 116 counts of possession of child pornography.[14] Miller filed an appeal on or about July 20, 2012, and the appeal appears to be pending.[15]

---

no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.'") (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001)).

[10] *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d at 1041 n. 6 (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001)).

[11] Docket 1-1.

[12] *Id.* at pp. 2-4.

[13] Judicial notice is "[a] court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (9th ed. 2009); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[14] *State of Alaska v. Richard I. Miller*, 3AN-08-00568CR, 3AN-08-00740CR.

[15] *Richard I. Miller v. State of Alaska*, A-11320; http://www.appellate.courts.state.ak.us. In addition, Miller's post-conviction petition in the state court was stayed, by motion of the petitioner, on August 19, 2013. *Miller v. Alaska*, 3KN-12-01051CI.

## DISCUSSION

### Res Judicata Precludes Re-Litigation of the Issues in this Case

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. . . . Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."[16] The Supreme Court explains that "res judicata and collateral estoppels relieve parties of the cost and vexation of multiple law suits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication."[17] The Ninth Circuit further explains that "an opportunity to reach the merits is sufficient to invoke a preclusive effect."[18]

In the previous action which was also removed to this Court, *Vladamir Martushev, et al. v. Gustaf Sandahl, et al.*, the three current Defendants were named as defendants, and Miller was one of the plaintiffs.[19] In both cases, Miller claims that "while incarcerated, Miller made 16 telephone calls to his Attorney which were recorded and a copy of which were obtained by Officer Mitch

---

[16] *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citations omitted).

[17] *Id.*

[18] *Clark v. Yosemite Community College Dist.,* 785 F.2d 781, 786 (9th Cir. 1986).

[19] Case No. 3:10-cv-00035-JWS.

Langseth."[20]  In the previous action, the Court granted summary judgment against Miller and his co-plaintiffs, and in favor of the current Defendants.[21]  Judgment was entered with prejudice, and the Defendants were awarded costs of $461.61, and attorneys' fees of $21,236.70.[22]

Miller argues that he has "not received ANY information from the District Court, or from Defense Counsel Ryman since before [his] trial in January 2012. The first information [he] received from the Defense and the Court was in the Defense Counsel's 'Notice of Related Case[,]' [and that] [t]he only information [he] received was the notation on the bottom of the Motions the boys filed stating that the case had been closed."[23]  So, Miller claims, he has "been denied justice as [he] was not properly notified and was not provided with an opportunity to respond."[24]

In their Reply, the Defendants argue:

> In August 2012, after protracted litigation, Judge Sedwick granted the Defendants' Motion for Summary Judgment.  Judge Sedwick explained that the defendants' motion was "well reasoned and amply supported by the exhibits provided.  Because the motion . . . clearly

---

[20] *Id.*, Docket 61 at 7; Case No. 3:14-cv-00068-TMB, Docket 1-1 at pp. 2-4.

[21] *Id.*, Docket 77.

[22] *Id.*, Dockets 78-80, 88, 93.  "IT IS ORDERED AND ADJUDGED:  THAT all claims against defendants Chief Gustov Sandahl, Officer Mitchell Langseth, Officer Ben Langham and Sargent David Ross are dismissed with prejudice."  Docket 78 at 1.

[23] Docket 22 at 2-3.

[24] *Id.* at 3.

3:14-cv-00068-TMB, *Miller v. Sandahl, et al.*
Order Granting Motion to Dismiss
Page 5 of 8

appears to have merit and is not opposed, [it] is granted." Since the requisites of the res judicata doctrine are met, Miller's complaint should be dismissed on this ground. Miller had over three years to address his current claims in the previous long-drawn-out litigation. He cannot circumvent the important purposes of the res judicata doctrine merely because he does not like the outcome of that litigation.[25]

The Court agrees. The decision in the previous case was issued in 2012.[26] A different judge in this Court cannot "overrule" that decision, as Miller requests.[27] And there is no reason to "postpone further proceedings on this case until Plaintiff's appeal is completed."[28]

Miller had an opportunity to address the issues he raises here.[29] If he does not like the Court's previous decision, he must seek relief in *that* case.[30]

---

[25] Docket 26 at 7-8 (citations omitted).

[26] Case No. 3:10-cv-00035-JWS, Dockets 77, 78.

[27] Docket 24.

[28] Docket 25 at 1.

[29] *See Allen v. McCurry*, 449 U.S. at 94 ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

[30] *See* Fed.R.Civ.P. 60 ("(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;

But the current action must be dismissed.[31] Also, the Court provided Miller with an opportunity to voluntarily dismiss this action, without prejudice.[32] Because he chose to litigate instead, and the Defendants have also spent time litigating this case, the Court will not allow Miller to voluntarily dismiss without prejudice now.[33]

**IT IS THEREFORE ORDERED**:

1. The Motion to Dismiss with Prejudice, at Docket 7, is GRANTED.[34]

---

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.
(c) Timing and Effect of the Motion.
(1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
(2) *Effect on Finality.* The motion does not affect the judgment's finality or suspend its operation.").

[31] Although the two-year statute of limitations appears to have run, the Court need not reach this issue, to which equitable tolling applies. *See Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); *see also Fred Meyer of Alaska, Inc. v. Bailey,* 100 P.3d 881, 886 (Alaska 2004).

[32] Docket 12 at 3 ("Miller may file the enclosed Notice of Voluntary Dismissal, without prejudice, on or before **May 23, 2014**. Otherwise, Miller must file an opposition to the Motion to Dismiss on or before **May 23, 2014**."); see also *id.* at 2, n. 7, warning Miller about the bar of res judicata.

[33] See Dockets 22-3, 24-1, 25-1.

[34] *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (dismissal, with prejudice, upheld after "weigh[ing] the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.") (citation omitted).

2. The Motions at Dockets 24 and 25 are DENIED.

3. Any other outstanding motions are DENIED.

4. The Clerk of Court will enter a Judgment in this action.

DATED at Anchorage, Alaska, this 15th day of July, 2014.

TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE